IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISRICT OF PENNSYLVANIA

ROXANNE L. EHREDT )
)
    Plaintiff, ) No. 14-23

V.

COMMISSIONER OF
SOCIAL SECURITY

    Defendant.

**OPINION AND ORDER**

Plaintiff filed an application for disability benefits pursuant to Title II, alleging disability beginning on March 18, 2010, as the result of mental and physical impairments. Her claim was denied initially and upon hearing. The Appeals Council denied her request for review. Plaintiff now appeals the Commissioner's decision. For the following reason, Plaintiff's Motion will be granted, and Defendant's denied. This matter will be remanded for further proceedings consistent with this Opinion.

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting

Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. PLAINTIFF'S MOTION

Plaintiff asserts that the ALJ erred on the following grounds: 1) in weighing the medical opinion evidence, including the opinion of Plaintiff's treating psychologist; and 2) in failing to include all of her limitations in the RFC.

### A. MEDICAL OPINION EVIDENCE

First, Plaintiff asserts that the ALJ erred in giving little weight to the opinion of her treating psychologist, Nancy Baker, and affording great weight to the opinion of a state agency physician, Dr. Heil.

"It is axiomatic that the Commissioner cannot reject the opinion of a treating physician without specifically referring to contradictory medical evidence." Moffatt v. Astrue, 2010 U.S.

Dist. LEXIS 103508, at *6 (W.D.Pa. 2010). This principle allows an ALJ to reject a treating medical source statement if the opinions therein are inconsistent with the physician's treatment notes. Bartlett v. Colvin, 2014 U.S. Dist. LEXIS 56860 (W.D. Pa. Apr. 24, 2014). Even when a treating physician's opinion is not given controlling weight, however, it is entitled to "great weight, especially when [it] reflect[s] expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" Morales v. Apfel, 225 F.3d 310, 317-18 (3d Cir. 2000).

In this case, the ALJ found that Plaintiff had "severe" impairments, inter alia, in the nature of anxiety and panic attacks. Dr. Baker began treating Plaintiff on November 1, 2011, and continued to do so weekly or biweekly until the date of the hearing. In July of 2012, Dr. Baker opined that Plaintiff was extremely limited in responding appropriately to work pressures and changes in a work setting; markedly limitated regarding short, simple instructions; extremely limited regarding detailed instructions; and markedly limited in making judgments on simple work-related decisions. She also opined that Plaintiff was markedly limited in interacting appropriately with the public, and extremely limited in interacting appropriately with supervisors and coworkers.

In turn, Dr. Heil's August 18, 2011 analysis included medical record evidence from Blair Medical Associates, relating to Plaintiff's physical condition; it also included an assessment of Plaintiff's activities of daily living. There is no suggestion in the record that he examined or met with Plaintiff.[1] Dr. Heil considered whether Plaintiff's condition met Listing 12.06 for Anxiety-Related Disorders. He found that they did not, and as "Additional Explanation," stated as follows:

---

[1] In response to "Is a CE required?" Dr. Heil replied, "No."

3

> Although the claimant has alleged significant symptoms of depression and anxiety, particularly on the 3373, there is no evidence to support a severe MDI in the existing MER. Based on the medical evidence of record, the claimant's mental health impairment is determined to be non-severe at the present time. Consideration was given to further development of the claim; however, there is sufficient evidence in file to make a determination.

The ALJ afforded Dr. Baker's "assessment little weight, since…her opinion is inconsistent with her findings, the clinical findings of record, and with other substantial evidence." Instead, the ALJ gave "significant probative weight" to Dr. Heil's report, which he found "consistent with and supported by the medical evidence of record."

It may be true that Dr. Baker's opinion was inconsistent, either internally or with clinical findings and other substantial evidence. Unfortunately, the ALJ's opinion does not allow assessment of those supposed inconsistencies. The only medical evidence of record that the ALJ discusses regarding Plaintiff's mental condition is reports of Dr. Heil and Dr. Baker. Thus, it is wholly unclear which medical evidence he deemed consistent with Dr. Heil's opinion, and which clinical evidence he deemed inconsistent with the opinions offered by Dr. Baker. Moreover, Dr. Heil's opinion was not based on any medical provider's assessment of Plaintiff's mental condition; his opinion predated her treatment with Dr. Baker.

Defendant points out several instances in the record in which non-mental health providers commented on Plaintiff's mental state at the time of her appointments.[2] Again, however, I can only judge the ALJ's decision with reference to the grounds invoked when the decision was rendered. It is not clear that the ALJ considered any of these comments, or what weight he might have afforded the comments, when assessing Plaintiff's mental impairments. Likewise, while

---

[2] I note, too, that "[m]any mental illness are characterized by 'good days and bad days,' … or recurrent cycles of waxing and waning symptoms." Phillips v. Astrue, 413 Fed.Appx. 878, 886 (7th Cir. 2010). This may mitigate the value of isolated treatment notes, or a "snapshot," regarding a claimant's mental condition. Real v. Astrue, 2012 U.S. Dist. LEXIS 180265 (N.D. Ill. Dec. 18, 2012).

4

activities of daily living may constitute substantial evidence in this context, it is not clear that the ALJ considered Plaintiff's activities of daily living alongside Dr. Baker's opinions. "[T]he task of articulating the rationale for discounting a treating physician's opinion rests with the ALJ." Zemaitis v. Comm'r of Soc. Sec., 2014 U.S. Dist. LEXIS 38117, at **25-26 (W.D. Mich. Mar. 24, 2014).

Moreover, the ALJ rendered his analysis of Plaintiff's mental condition in connection with his assessment of whether Plaintiff's anxiety and panic attacks, which he deemed "severe impairments," met or equaled Listing 12.06. He concluded that Plaintiff's impairment did not meet the criteria of that Listing, which requires that Plaintiff be completely unable to function independently outside the area of her home. In his subsequent discussion of the RFC, the ALJ referred to Plaintiff's mental impairment as follows: "The claimant's severe mental impairments consisting of anxiety and panic attacks are analyzed above in Finding 4 [at step three of the sequential process]." He rendered no further analysis of Plaintiff's mental impairments beyond his analysis in step three. The failure to meet or equal a Listing, however, is not dispositive of disability. As the ALJ acknowledged, after arriving at a negative conclusion at step three of the sequential analysis, the analysis must continue to step four. Here, it is unclear that the ALJ fully considered Plaintiff's mental impairments in connection with the RFC. Review is further complicated by the fact that the ALJ, unlike Dr. Heil, found Plaintiff's anxiety and panic attacks "severe," but the discrepancy is unexplained.

### B. RFC

Second, Plaintiff complains that the RFC failed to include all of her functional limitations. "'Residual functional capacity is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" Burnett v. Comm'r of Soc. Sec.

Admin., 220 F.3d 112, 121 (3d Cir. 2000). I have reviewed the ALJ's decision regarding the physical RFC, and find no error in that regard.

As regards Plaintiff's mental impairments, the ALJ found that Plaintiff suffered from moderate limitations in social functioning, concentration, persistence, and pace. The RFC states, inter alia:

> She requires unskilled work. She requires a low stress environment defined as few changes in work settings and no fast pace or quota production standards. She can have only occasional contact with coworkers and supervisors. She can have no contact with the general public.

This RFC adequately accounts for the limitations found by the ALJ.[3] E.g., Trauterman v. Colvin, 2014 U.S. Dist. LEXIS 20230 (W.D. Pa. 2014). I find no error in this regard.

**CONCLUSION**

In sum, this matter will be remanded for further proceedings in order for the ALJ to clarify or re-evaluate his treatment of the medical opinion evidence regarding Plaintiff's mental impairments. An appropriate Order follows.

---

[3] Of course, if the ALJ's assessment changes on remand, the RFC may be modified as well.

**ORDER**

AND NOW, this 4th day of September, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED, and Defendant's DENIED, and this matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court